**McGHEE v NATIONAL LIFE & ACC INS CO**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1429. Decided July 12, 1937

John Egan, Dayton, and Fred Kerr, Dayton, for appellee.

Nolan, Beigel & Mahrt, Dayton, for appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

Plaintiff's action was based on an insurance policy on the life of her husband, Askew McGhee, in which she was the beneficiary.

The petition states that the insured died on the 11th day of December, 1933, and that proof of death and all other conditions of the policy were duly complied with. The amount involved was $108.00.

The answer of the defendant raised the issue that the insured was not in sound health at time of signing application but was suffering from certain diseases, including a heart ailment, characterized as a rheumatic type of heart with mitral lesions and chronic myocarditis. The answer also states the following condition of the policy.

"No obligation is assumed by the company prior to the date hereof nor unless on said date the insured was alive and in sound health."

The answer also averred a tender to the plaintiff of all premiums paid by the insured.

Plaintiff's reply admitted the tender and denied all other averments of the answer.

The cause was tried to a jury and on the 10th day of March, 1936, verdict returned for plaintiff in the sum of $108.00 with interest. Motion for new trial was filed within three days. On May 8, 1936, a motion for new trial was overruled and judgment entered on the verdict. Defendant filed notice of appeal on questions of law on June 6.

Appellant's assignments of errors are as follows:

1. The court erred in overruling the motion for new trial.

2. The court erred in overruling the motion of appellant to direct a verdict at the close of the testimony of plaintiff-appellee.

3. The court erred in overruling the motion of appellant to direct a verdict at the close of the testimony in the case.

4. The court erred in overruling the motion of appellant for a judgment notwithstanding the verdict.

5. The said judgment is contrary to law and against the manifest weight of the evidence.

6. For other errors on the face of the record prejudicial to the rights of appellant.

No bill of exceptions was allowed and filed. Counsel for appellant's brief presents no claim of error other than claimed errors in the trial before the court and jury and the resulting verdict. Without a bill of exceptions none of the claimed errors are manifest and for that reason the judgment of the lower court must be affirmed.

Defendant's appeal on questions of law will be dismissed at its costs.

HORNBECK and GEIGER, JJ, concur.